Sampol, Demandante y Apelante, *v.* Sucesión Colón, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 2692.—Resuelto en mayo 11, 1923.

Pagaré—Extinción—Obligación—Prueba—Peso de la Prueba.—En una acción en cobro de dinero fundada en un pagaré que fué presentado y probado por el demandante, los demandados alegaron que el pagaré había sido satisfecho presentando al efecto un cheque cancelado por una suma mayor y explicando la diferencia. El demandante entonces trató de acreditar por su misma declaración y la de otros testigos que el pago hecho fué por otro pagaré, pero la corte resolvió que la prueba de la extinción había sido satisfactoriamente presentada por los demandados. *Se resolvió:* que por virtud de los hechos el peso de la prueba cambió y dicha prueba es convincente de que el demandante no cumplió con el deber que tenía de probar la obligación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. H. R. Francis.*

Abogados de la apelada: *Sres. F. González, Jr., y A. Aponte, Jr.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En un juicio en cobro de la suma de $1,270, por virtud de un pagaré que se encuentra en poder de los demandantes

y después de su debida prueba, los demandados presentaron evidencia tendente a establecer que dicho pagaré había sido satisfecho, introduciendo con tal fin un cheque cancelado por la suma de $1,440 y explicando la diferencia de $170. El demandante pasó luego a declarar y con otros testigos pretendió probar que el pago hecho de la suma de $1,440 fué por otro pagaré. La corte dictó sentencia a favor de los demandados.

En apelación el apelante señala tres errores, pero los discute conjuntamente en su alegato con infracción de la regla 42 de esta corte y a la vez deja de presentar una breve exposición de los hechos. También la exposición del caso, en gran parte, no se hace en forma narrativa. Se insertan largos e innecesarios argumentos de los abogados y se permite que quede en la exposición materia redundante e innecesaria en oposición a los artículos 216 y 223 del Código de Enjuiciamiento Civil. *López* v. *American R. R. Co.,* 11 D. P. R. 154. La apelación, tal vez, debiera ser desestimada, pero consideraremos el único punto que realmente ha sido levantado por el apelante.

Alega él substancialmente que si las manifestaciones no concluyentes de algunos testigos pueden destruir el efecto de un pagaré sin cancelar, los negocios en Puerto Rico en este sentido estarían en una situación caótica. El admite, sin embargo, que el pago puede acreditarse mediante prueba robusta. De acuerdo con el artículo 1182 del Código Civil incumbe la prueba de las obligaciones al que reclama su cumplimiento, y la de su extinción al que la opone. La corte inferior declaró que la prueba de la extinción había sido presentada satisfactoriamente por los demandados. En verdad que la prueba creditiva del pago comprensivo de la suma de $1,270 y más en un cheque librado en fecha más o menos contemporánea era muy fuerte, y tan es así que el demandante se sintió obligado a ir a la silla de testigos en refutación para demostrar que dicho cheque era por otro pagaré.

La dificultad fué que la corte inferior no creyó su declaración, en parte porque el pagaré no había sido presentado para su pago durante la vida del otorgante. No encontramos que la corte inferior cometiera error al llegar a su conclusión. Por razón de los hechos el peso de la prueba cambió, y un examen de ésta nos convence de que el demandante no cumplió satisfactoriamente la obligación que tenía.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.